### LAFFEY AND OTHERS v. CHAPMAN.

1. A bill of exceptions which is neither signed nor sealed by the judge cannot be considered on appeal.

2. In an action of unlawful detainer, where the plaintiff claimed under a decree in connection with a certificate of purchase, and the only allegation in the complaint concerning the nature or provisions of the decree was "that under and by virtue of being the

owner of said certificate, and under the power and authority of
the district court of said county, and the decree upon which said
certificate of sale was issued, this plaintiff is entitled to the pos-
session of said lode, with all appurtenances," *held* to be simply a
conclusion of law, and not sufficient to constitute a cause of action.

*Error to County Court of Clear Creek County.*

Mr. W. T. HUGHES, for plaintiff in error.

Messrs. THOS. J. CANTLON and JOHN C. FITNAM, for de-
fendant in error.

ELBERT, J.   This is an action of unlawful detainer
under section 3 of the act concerning forcible entry and
detainer.   Gen. St. 502.   What purports to be a bill of
exceptions is neither signed nor sealed by the judge, and
cannot be considered.

It is objected, however, that the complaint does not
state facts sufficient to constitute a cause of action, and
this objection we think well taken.   The decree under
which, in connection with her certificate of purchase,
the plaintiff claims to be entitled to the possession of the
premises in dispute, is very imperfectly alleged.   We
are not told the time when, the place where, or the court
in which (except inferentially), the decree was ren-
dered.   We are not advised who were the parties, nor is
it alleged that the defendants were either parties or
privies to it.   There is not a single allegation respecting
the nature or provisions of the decree.   Every fact con-
cerning it is withheld.   The only allegation is "that
under and by virtue of being the owner of said certifi-
cate, and under the power and authority of the district
court of said county, and the decree upon which said
certificate of sale was issued, this plaintiff is entitled to
the possession of said lode, with all appurtenances."   The
certificate of sale would not entitle the plaintiff to posses-
sion prior to the expiration of the time for redemption
and the delivery of the sheriff's deed.   The allegation

that the plaintiff is entitled to recover by virtue of "the decree upon which said certificate of sale was issued " is simply a conclusion of law, which, as a rule, ought not to be pleaded. The complaint should have set forth the provisions of the decree sufficiently for the court to judge of the plaintiff's rights under it. It was not the intention that section 69 of the code should dispense with so plain a rule. As the pleadings stand, we are unable to say that the plaintiff was entitled to recover in this action, or in any action.

The judgment of the court below must be reversed.

*Reversed.*