## S. K. KAHAI and KALULU *vs.* MARY SYLVA ROSE.

### EXCEPTIONS TO RULING OF JUDD, C.J.

### APRIL TERM, 1888.

JUDD, C.J., McCULLY, PRESTON, BICKERTON and DOLE, JJ.

The plaintiff sued defendant for damages for obstructing a right of way.

At the trial the defendant asked the Court to instruct the Jury to return a verdict for the defendant, on the ground that the Commissioners of Private Ways and Water Rights had exclusive jurisdiction.

The Court declined to give such instruction, and the jury having found a verdict for the plaintiffs, the defendant excepted.

Held, that the Commissioners had no jurisdiction in cases of this nature. *Stone vs. W. F. Allen*, 3 Hawn. 621, approved.

Exceptions overruled.

### OPINION OF THE COURT, BY BICKERTON, J.

This matter comes here on exceptions to the rulings of the Chief Justice at the January Term, 1888.

The plaintiff claimed of the defendant $500 damages, for obstructing and closing a right of way. At the close of plaintiff's case, defendant's counsel moved that the Court do instruct the jury to bring in a verdict for the defendant, claiming that the Commissioners of Private Ways and Water Rights had exclusive jurisdiction to determine controversies as to private ways, and that defendant's denial of the right of way claimed, ousted the Court of its jurisdiction to determine said right or to assess damages for its obstruction, until the right had been first established before said Commissioners.

The Court declined to instruct the jury as above requested, and instructed the jury that if they found a right of way to exist as claimed by plaintiffs, and that it was obstructed by defendant, they might find damages for the plaintiffs, to which instruction and refusal to instruct defendant duly excepted. After defendant had offered certain evidence, tending to show that there was no right of way as claimed, and the Court had charged the jury, the jury found a verdict for plaintiffs with eighteen dollars damages.

It appears by deed, dated 17th August, 1885, and recorded on the same date, that one Kaaahu (w.) sold and conveyed to defendant a certain piece of land situated at Kamakela, Honolulu, described by metes and bounds, and also a right of way eight feet wide along and adjoining the south side of said premises. That the same person, Kaaahu, (w.) sold and conveyed by deed, dated 13th May, 1887, recorded 27th May, 1887, to defendant a piece of land, adjoining the said land of plaintiffs described by metes and bounds, there being a condition in the deed that defendant shall sell a right of way to the people living mauka of this land if they desire it, and that said right of way shall not exceed eight feet wide and shall run straight along the side of plaintiffs' lot, through to the mauka side of this lot.

This certainly would seem to refer to the extension of the right of way already granted to plaintiffs by their deed. Both plaintiffs and defendant are the grantees of the same grantor,

and the plaintiffs' deed being of record, the defendant had notice of the sale of this right of way to plaintiffs along the whole length of the south line of their lot; it was and is an established and vested right purchased by them and set forth in their deed. Kaaahu (w.) could not sell and convey to defendant what she had already parted with. There was no right for the Commissioners to establish, for it was already established, and they, the Commissioners, could not have assessed damages for the obstruction of this right of way which was the only object of this action, viz: to recover damages.

We do not consider that the statute contemplated cases of this nature being brought before the Commissioners of Private Ways.

The question as to the Commissioners of Private Ways having exclusive jurisdiction over causes of this nature, is controlled by the case of *Stone vs. W. F. Allen*, 3 Hawn., 621, and authorities there cited. In that case the Court say "that another tribunal provided for by statute has merely concurrent jurisdiction, unless there be express words or words from which it may be implied that it was intended to be exclusive." Also, "So if a statute gives a remedy in the affirmative (without a negative expressed or implied) for a matter which was actionable by the common law, the party may sue at common law." 1 Comyn's Digest, Stat. C.

In Chapter 69, Laws 1886, Section 3, we find the following: "Any persons interested, or the government, may apply for the settlement of any rights involved hereunder, etc."

The above quoted phrase is significant of the special function of this Board.

We have remarked that it is not a tribunal for the recovery of damages. Its function is to determine and award rights for the future. It may award a right of way from necessity when there had been no breach of right.

It may determine the rights of a whole neighborhood. Here interest will qualify a person to petition for the action of the Board. These considerations support the view that the Courts

of Law are not ousted of their jurisdiction in any respect by the constitution of a Board which for the most part has a province not within the jurisdiction of the Court.

We therefore hold that the Commissioners of Private Ways have not jurisdiction over causes of this nature.

The exceptions are overruled.

*W. C. Achi,* for plaintiffs.

*W. A. Kinney,* for defendant.