## WAILUKU SUGAR CO. *v.* W. H. CORNWELL.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

JUDD, C.J., FREAR AND WHITING, JJ.

SUBMITTED OCTOBER 6, 1896.          DECIDED OCTOBER 27, 1896.

The jurisdiction of a Commissioner of Water Rights is not exclusive. On a proper case equity has jurisdiction though water rights may be involved.

The Judges of the Circuit Courts of the several Circuits have concurrent jurisdiction in equity with each other.

OPINION OF THE COURT BY JUDD, C. J.

A bill in equity was brought in the chambers of the First Judge of the First Circuit by the Wailuku Sugar Company, a domestic corporation, owning a sugar plantation in the Island of Maui, averring that defendant, residing at Waikapu on the Island of Maui, is unlawfully diverting and using certain water for irrigation purposes to which the plaintiff is entitled, and praying for an injunction to restrain such diversion and use.

Defendant demurred to the jurisdiction of the Court on two grounds, first, that the subject matter in controversy, being a water right, is within the exclusive jurisdiction of the Commissioner of Water Rights for the District of Wailuku, and secondly, that if equity has jurisdiction the Circuit Judge of the Second Circuit where the *res* is situate and the parties reside, has exclusive jurisdiction.

The Circuit Judge sustained the demurrer on the first ground and dismissed the bill by decree from which the plaintiff appeals.

The argument on the first ground is made by defendant that

since the year 1860 a statutory Commissioner has existed with jurisdiction to hear and determine all controversies respecting water rights, and that the present statute, Chapter 26 of the Laws of 1888, in its third section confers exclusive jurisdiction upon such Commissioners. It reads "It shall be the duty of said Commissioners within their several districts to hear and determine all controversies respecting rights of private ways and water rights between private individuals or between private individuals and the government."

It is claimed by defendant that. the Commissioner has had conferred upon him by the statute equitable powers, with authority to enforce his decrees and the jurisdiction is therefore ample, and must be deemed to be exclusive.

It is true and it is so conceded, that previous to the creation of the special jurisdiction for the settlement of controversies respecting water rights, equity had jurisdiction in a proper case. What effect did the establishment of this special court have upon the superior jurisdiction in equity? Was the new jurisdiction concurrent with that of the law courts where the case would otherwise be appropriately in that forum, or in equity where law could not afford an adequate remedy? Or was the new jurisdiction exclusive.

Endlich on Interpretation of Statutes, Sec. 151, says that the general presumption is against an intention to oust the jurisdiction of superior courts—that a strong leaning now rests against construing a statute granting jurisdiction to a new tribunal over certain cases as ousting or restricting the jurisdiction of superior courts, already possessed over the same cases. This principle was adopted here, in *Brewer v. Chase*, 3 Haw. 127, affirmed in *Stone v. Allen, id.* 618, and recognized in *Kahai v. Rose*, 7 Haw. 270.

See Sutherland on Statutory Construction, Sec. 396.

There must be an explicit expression of the intention of the Legislature to make the jurisdiction exclusive. We do not find any such intention in the. Water Rights Commission statute. It is affirmative only and does not destroy the jurisdiction in

equity.    But it is urged that the statute, Sec. 1, Chap. 15, Laws of 1878 (Comp. Laws p. 389), which gives original and exclusive jurisdiction at present to the Circuit Judge at chambers, "of every original process whether by bill, writ, petition or otherwise, in which relief in equity is prayed for, *except when a different provision is made*," gives the Commissioner's Court exclusive jurisdiction, because the statute creating that court makes a different provision.

We consider that the "different provision" must be of such a character as would expressly oust the jurisdiction in equity. Our statute is an exact copy of the Massachusetts statute and the Supreme Court of that State has made many decisions affirming the general presumption that the creation of special tribunals to hear a certain class of cases does not necessarily oust the jurisdiction of the superior courts.    The construction of the clause under discussion is not raised.

One such case is *Clouston v. Shearer*, 99 Mass. 209.    The statute, Gen. St., Ch. 134, Secs. 49, 50, provided that any person in possession of real property, claiming an estate of freehold, &c., may file a petition in the Supreme Court against an adverse claimant who is not in possession to require him to bring an action to try the alleged title.    For the reason that the remedy under the statute was not so complete and adequate as to supersede the remedy in equity, the Court maintained a bill to quiet the title.

Upon similar reasoning the same court in *Fall River Iron Works Company v. R. R.*, 5 Allen 221, held that the remedy under a statute by an information in the nature of a *quo warranto* did not deprive the court of its jurisdiction in equity in case of private nuisance.

In our case the statute creating the Water Rights Commission has no provision for service of process upon persons outside of its district, except the doubtful substituted service by publication, nor does it appear to give jurisdiction where title to the land is involved nor where damages are claimed.

The Legislature certainly intended to except only those cases

where equitable relief is prayed for where the statute created a tribunal with exclusive jurisdiction over them.

It was well argued by plaintiff's counsel that the jurisdiction in equity existing over such cases as the one at bar previous to the statute of 1878, which expressly prescribed that the particularization · of the various classes of cases in which equity has jurisdiction, should be "*in addition* to the jurisdiction in equity otherwise conferred," was not taken away over that class of cases for the determination of which special tribunals were created.     We therefore hold that the jurisdiction in equity, in a proper case for equity, exists concurrently with the jurisdiction of the Commissioners where controversies respecting water rights are involved.     Equity has frequently been resorted to to settle controversies respecting water rights and the jurisdiction has never heretofore been questioned.

Upon the second question we hold with the Circuit Judge of the First Circuit Court, whose decree is appealed from, that he has jurisdiction.     The Statute is Section 37 of the Act to reorganize the Judiciary Department.     It reads "The Judges of the several Circuit Courts shall have power in chambers" within their respective jurisdictions, " * * * to hear and determine all matters in equity."     The expression "within their respective jurisdictions" cannot mean that the *res*, if there happen to be one, must be situate in the territorial boundaries of the particular Circuit.     "*Equitas agit personam.*"     Equity deals with the person, the conscience of the individual, and the *res* may be in even a foreign state.     See *Penn v. Lord Baltimore* cited in 3 Smith's Leading Cases in Equity, page 476, where a court of equity by a decree *in personam* ordered specific performance of articles executed in England concerning boundaries of two provinces in America.     "The authority of a Court of Chancery may be exerted whenever the cause is of equitable cognizance and the parties are within its jurisdiction, although the property in dispute lies beyond it."     Note to same p. 491.     Nor could the expression have been intended to limit the jurisdiction to cases where the defendant resides, or is

served with process, within the territorial jurisdiction of the Court issuing it, for ample provision is made in Section 43 of the same statute (p. 110) to "compel the attendance of parties *from any part* of the Kingdom," (Republic).

The jurisdiction of the Circuit Court is expressed in the same general way in Section 36, and yet the criminal jurisdiction is limited to offenses committed within the respective jurisdictions, since changed by Act 76 of the Prov. Gov't approved May 10, 1894. The jurisdiction of Circuit Judges at chambers and of the Circuit Courts is cut down in many different instances by the statute. For instance, causes of divorce may only be heard in the Circuit where the parties last lived together as man and wife. If the clause "within their respective jurisdictions" did not give these Courts jurisdiction all over the Republic, why this limitation? A case for a penalty or forfeiture is triable only in the Circuit where the penalty or forfeiture was incurred. Proceedings in probate are limited to the Circuit wherein was the last residence of the decedent, or in the First Circuit. So also in bankruptcy. There would be no necessity for many of these special provisions, if the expression "within their respective jurisdictions," was meant to confine the Courts to cases arising within territorial boundaries of the respective Circuits.

It seems to us that, except as limited by the statute, the several Circuit Judges at chambers have general and concurrent jurisdiction in equity of cases irrespective of the place of residence of either party or the situation of the *res* involved. Their jurisdictions being concurrent the first court that obtained jurisdiction would retain it.

The demurrer is overruled, and the decree sustaining the same and dismissing the bill, is reversed and the cause is remitted to the First Judge of the First Circuit Court for further proceedings.

*Kinney & Ballou,* for plaintiffs.

*Cecil Brown,* for defendant.