# H. MALANI and ESTHER MALANI *v.* G. N. ALAPAI and MRS. G. N. ALAPAI.

APPEAL FROM CIRCUIT JUDGE, FOURTH CIRCUIT.

SUBMITTED DECEMBER 17, 1900.   DECIDED DECEMBER 19, 1900.

FREAR, C.J., AND PERRY, J.

Under our statutes, a suit may be brought in one circuit for the foreclosure of a mortgage of land situated in another circuit.

OPINION OF THE COURT BY FREAR, C.J.

This is a bill to have a deed, absolute in form, declared a mortgage and for an accounting and foreclosure. The suit was brought in the Fourth Circuit; the land was situated and the defendants were served in the Third Circuit. The defendants demurred on the ground that the court had no jurisdiction over the persons of the defendants or the subject matter. The Circuit Judge held that he had jurisdiction of the persons of the defendants inasmuch as they had appeared generally. We may add that service in the Third Circuit of process issued in the Fourth Circuit was proper under Section 1151 of the Civil Laws. The Judge held further that a proceeding to foreclose a mortgage was in the nature of a proceeding *in rem*, and therefore of a local nature and that it could be brought only in the circuit in which the land was situated and that therefore he was without jurisdiction of the subject matter of the suit and so sustained the demurrer and dismissed the bill. The plaintiffs appealed.

Several contentions are made in support of the jurisdiction. One is that the main object of the bill is to have the deed de-

clared a mortgage and that this certainly is not local in its nature. Another is that even a suit to foreclose a mortgage is of a transitory nature; that equity acts against the person only and hence such a suit in equity must be *in personam* and not *in rem.* Such undoubtedly is the view in England (*Paget v. Ede,* L. R. 18 Eq. 118) and the view taken in some of the earlier American cases (e. g. *Broome v. Beers,* 6 Conn. 198). See *Miller v. Dows,* 94 U. S. 444. But it has been changed by statute in many of the States. In some States the statutes permit the suit to be brought either in the county of the mortgagor's residence or in that in which the land is situated; in other States the statutes permit the suit to be brought in any county but require it to be tried in the county in which the land is situated if the defendant so demands; but in a larger number of States the statutes make foreclosure a local action and require the suit to be brought in the county in which the land or some part of it is situated. See 9 Enc. Pl. & Pr. 249 *et seq.* No doubt the tendency is to regard the action as in effect *in rem* though personal in form. Among the reasons that have been given for holding it transitory are that the mortgagor's equity of redemption is not an estate strictly speaking but only a right, and that the title to the land cannot be litigated in a foreclosure suit. Among the reasons given for holding it local are that now in most of the States the theory of a mortgage has changed, the mortgage being regarded merely as creating a lien, leaving the title in the mortgagor, that the court on foreclosure deals directly with the *res* especially under the methods of foreclosure now generally in vogue in the States, and that its process is not effective outside of its jurisdiction. How far a change in the theory of mortgages should weigh in the absence of a statute limiting jurisdiction in cases of this kind we need not attempt to say. Just what the theory of mortgages is here has never, that we are aware of, been judicially determined. In our opinion our statutes permit a suit to be brought in one circuit for the foreclosure of a mortgage of land situated in another circuit. This is plaintiffs' third contention.

Section 1144 of the Civil Laws enumerates the classes of cases that may be tried in the circuit courts. Section 1145 enumerates the classes of cases that may be heard by Circuit Judges in Chambers. Among these are "all matters in equity." Section 1146 prescribes the limitations as to territorial jurisdiction. For instance, formerly proceedings for partition could be brought only in the circuit in which the land was situated or in the First Circuit, and now by amendment (Act 56, Laws of 1898) only in the circuit in which the land is situated, unless it lies in more than one circuit, in which case the proceedings may be brought in any circuit in which the land is in part situated. Formerly there was no limitation in this respect as to actions of ejectment in the circuit courts. Now under said amendatory Act they may be brought only in the circuit in which the land is situated. There is no limitation whatever prescribed as to foreclosure suits. Section 1150 confers upon the circuit courts and Section 1151 upon the circuit judges power to compel the attendance of parties and witnesses from any part of the Territory and to issue all such executions and other processes and do all such other acts as may be necessary to carry into full effect all their powers or as may be necessary for the promotion of justice. In *Wailuku Sugar Co. v. Cornwell*, 10 Haw. 476, it was held that a suit in equity was properly brought in the First Circuit for an injunction against unlawfully diverting and using water in the Second Circuit. In *Dary v. Kane*, 158 Mass. 376, the statute provided generally that suits in equity might be brought in any county where a transitory personal action between the same parties might be brought. The court held that a bill to redeem a mortgage came within such provision, although counsel contended that the suit could be brought only in the county in which the land was situated. Our decision is based on our statutes and does not go to the extent of holding that on general principles a suit may be maintained in one jurisdiction to foreclose a mortgage of land situated in another jurisdiction on the ground that it is a transitory action.

The decree appealed from sustaining the demurrer and dismissing the bill is reversed and the cause remanded to the Circuit Judge of the Fourth Circuit for further proceedings in conformity with the foregoing opinion.

*Smith & Parsons* for plaintiffs.

. No appearance for defendants.