## Y. IDETA *v.* S. KUBA.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED JANUARY 26, 1914.                    DECIDED JANUARY 30, 1914.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

HIGHWAYS—*obstruction*—*nuisance.*

    The unlawful obstruction of a highway is a public nuisance against the continuance of which a private individual who suffers special and irreparable injury, may obtain an injunction.

INJUNCTION—*obstruction of highway*—*pleading.*

    In a bill to enjoin the obstruction of a public highway the thoroughfare should be described as a public road or highway, but the manner in which it became such need not be alleged.

SAME—*right affected by delay.*

    Delay in commencing proceedings to enjoin a nuisance is a fact to be considered with other facts in determining whether an injunction should be granted.

OPINION OF THE COURT BY ROBERTSON, C.J.

This is a bill for an injunction in which, in the second, third and fourth paragraphs, the following averments appear:

"(2) That the land of complainant has from time immemorial had a public road and right-of-way thereto over respondent's said land from the makai boundary of his said land up to and above the bridge of complainant along the west bank of said Pauoa stream of about twenty feet in width, for all purposes including the passage of wagons and other vehicles.

"(3) That the respondent has within three years last past closed up and blocked the Ewa side of said road along its entire length from the makai boundary of respondent's land to the point where the road to complainant's land crosses from respondent's land over said stream, leaving a foot path only and making said road so narrow that there is not space sufficient for an ordinary wagon to pass over and along said road and in consequence of which complainant has no way of ingress or egress to or from his said land with an ordinary wagon.

"(4) That the business of complainant has been that of farming and the raising of stock and in order for complainant to

properly carry on his said business, it is indispensable that the said road be opened so that complainant shall be enabled to reach his land by wagon and that complainant will suffer great and irreparable injury and damage in case said road shall continue to be closed and blocked as aforesaid and is remediless by the strict rules of the law, and has redress only in equity."

The respondent demurred upon the grounds that the court is without jurisdiction of the subject matter; that upon the facts stated the complainant is not entitled to the relief asked; and that it appears that the complainant has an adequate remedy at law. The demurrer was overruled, and the circuit judge allowed an interlocutory appeal.

Counsel for the respondent contend that the bill shows that the acts complained of took place about three years ago and that as the remedy by injunction is a preventive one it should not be awarded upon such facts as are here averred; that the complainant is guilty of laches; that the alleged "public road" is not sufficiently described; that no more can be inferred from the averments of the second paragraph of the bill than that a private way has been obstructed in which case it would be essential that complainant's title should first be established at law; and that complainant has an adequate remedy at law under the statute relating to private rights of way (R. L. Chap. 143), or by an action for damages, and that the bill makes no showing of irreparable injury.

The language of the bill of complaint is not as clear as it might be, but we think it fairly appears therefrom that prior to the obstruction complained of a public road afforded access by wagons and other vehicles to the premises of the complainant; that such access has been and continues to be prevented by the act of the respondent so that complainant's premises can now be reached only by a foot path.

The thoroughfare alleged to be obstructed should be described as a public highway, but the manner in which it became such need not be alleged. 20 Enc. Pl. & Pr. 938. The foregoing view of the averments of the bill disposes of several of the points

made by counsel for the respondent. An unlawful obstruction of a public road or highway is a public nuisance which may be proceeded against by the government or by a private individual who has been specially injured by it. Special and irreparable injury is sufficiently averred. . Assuming the alleged facts to be true, the complainant is entitled to the unobstructed use of the road and is not to be compelled to accept in lieu thereof such damages as he might be able to prove in an action at law. See Elliott, Roads and Streets (2d ed.) Sec. 665; *Draper* v. *Mackey,* 35 Ark. 497; *Harding* v. *Cowgar,* 127 Ind. 245, 249. The proceedings before commissioners authorized by chapter 143 of the Revised Laws relate to controversies respecting *private* ways and water rights, and even as to such cases the statute has been held not to have affected the circuit judges in the exercise of their ordinary jurisdiction in equity. *Wailuku Sugar Co.* v. *Cornwell,* 10 Haw. 476; *McBryde Sugar Co.* v. *Koloa Sugar Co.,* 19 Haw. 106, 116.

Assuming that delay may affect a claim to an injunction against the maintenance of a public nuisance as it has sometimes been held with reference to private nuisances, yet, as held by the supreme court, "The better opinion now is that it is only a fact to be considered by the chancellor in connection with the other facts of the case by which his discretion is to be guided." *Parker* v. *Woollen Co.,* 2 Black 545, 552.

We hold that the bill of complaint states a case for equitable relief, and that the circuit judge sitting in equity has jurisdiction to hear and determine it. The order overruling the demurrer is affirmed.

*J. A. Magoon* for complainant.

*L. Andrews (Andrews & Quarles* on the brief) for respondent.