## C. Q. YEE HOP *v.* E. M. NAKUINA.

### No. 1219.

RESERVED QUESTIONS FROM CIRCUIT COURT, FIRST CIRCUIT. HON. J. T. DEBOLT, JUDGE.

ARGUED OCTOBER 31, 1919.          DECIDED NOVEMBER 7, 1919.

KEMP AND EDINGS, JJ., AND CIRCUIT JUDGE BANKS IN PLACE OF COKE, C. J., ABSENT.

ABATEMENT AND REVIVAL—*grounds of abatement—another action pending.*

If a suit is commenced while a prior suit is pending in the same court for the same cause between the same parties the pendency of the prior suit is a good plea in abatement unless a dismissal, discontinuance or other termination of the first suit is had before the plea of the pendency of such suit is filed in the second suit.

DISMISSAL AND NONSUIT—*voluntary termination—necessity of leave of court.*

A formal order or judgment of the court is unnecessary to enable a plaintiff to discontinue his suit before trial but the consent of the court, either express or implied, is necessary.

OPINION OF THE COURT BY KEMP, J.

This cause is before us upon questions reserved by the second judge of the first circuit. The facts necessary to an understanding of the questions will first be given and are as follows: On the 12th day of May, 1919, plaintiff herein filed an action in the circuit court against the defendant upon a promissory note and caused an attachment to issue out of and under the seal of the circuit court against the property of the defendant; that thereafter the defendant moved to dissolve the said attachment on the ground that the bond given therefor was insufficient, and the motion coming on to be heard was granted by the court and the attachment dissolved; that thereafter the plaintiff attempted to discontinue said action without securing an order of court therefor and without notice to defendant or defendant's consent by filing a written statement in said cause reading as follows: "The above entitled action is hereby discontinued," signed by the plaintiff by his attorney; that immediately after filing said paper plaintiff filed a second action against the defendant upon a declaration identically the same as the declaration in the first action and for the same relief and caused an attachment to issue out of and under the seal of said circuit court attaching property of defendant; that thereafter the defendant moved to dissolve said attachment on the ground that the bond given therefor was insufficient and the motion coming on to be heard argument was had and the motion taken under consideration by the court; that thereafter and before the court had rendered its decision on said motion plaintiff attempted to discontinue said action without securing an order of court therefor and without notice to defendant or defendant's consent by filing a written statement in said cause substantially in the words used in his attempt

to discontinue the first cause and above quoted; that immed'ately thereafter plaintiff filed a third action against the defendant upon a declaration identically the same as the declaration in each of the other actions and for the same relief and caused a writ of attachment to issue out of and under the seal of said circuit court attaching property of the defendant; that thereafter the defendant moved to dissolve the said attachment on the ground that the justification of the sureties on the attachment bond was insufficient and the motion coming on to be heard argument was had and the motion taken under consideration by the court; that thereafter and before the court had rendered its decision on said motion, plaintiff attempted to discontinue said action without securing an order therefor and without notice to defendant or defendant's consent by filing a written statement in said cause substantially in the words used as aforesaid in his attempt to discontinue the first and second actions; that immediately thereafter plaintiff filed a fourth action against the defendant upon a declaration substantially the same as the declaration in each of the other actions and for the same relief and caused a writ of attachment to issue out of and under the seal of said circuit court attaching property of the defendant; that thereafter the defendant herein filed a plea in abatement in the fourth action alleging in substance that there are other actions, three in number, pending between the same parties before this court on the same cause of action as herein sued upon and for the same relief; that the above entitled action is vexatious and not brought in good faith and in bringing the same plaintiff has abused the judicial process of the court.

The answer of the plaintiff to the above plea in abatement denies that there are other actions, three in number or any other number, pending between the same parties

before the same court on the same cause of action as herein sued upon and for the same relief, denies that the above entitled action is vexatious and not brought in good faith and denies that in bringing the same plaintiff has abused the judicial process of the court, and further alleges that the three successive actions above referred to as having been discontinued were, with the knowledge and without objection from the Honorable J. T. DeBolt, second judge of the first circuit court then and now presiding at term in the trial of civil actions, severally discontinued prior to the institution of said actions in chronological order and that none of said actions was pending at the time of the commencement of the above entitled action and that none of said actions is now pending in the above entitled court.

Upon the filing of said plea in abatement by defendant and the answer of the plaintiff thereto the Honorable J. T. DeBolt, circuit judge, before whom said action was pending, reserved for the consideration of this court three questions as follows: "(1) Should the plea in abatement be sustained? (2) Is this proceeding vexatious and does it represent an abuse of the process of the court? (3) Is an order of court necessary for a discontinuance of an action so that a second action may be filed by the plaintiff against the defendant upon the same cause of action and for the same relief?"

The plaintiff concedes that if any one of the first three of his suits against this defendant on the same cause of action is now pending the plea in abatement should be sustained. Some of the early common law authorities are to the effect that if a suit is commenced while a prior suit is pending for the same cause between the same parties the pendency of the prior suit is a good plea in abatement even though it has been dismissed or discontinued before the filing of the plea, and this doctrine has

been recognized in some of the earlier cases in this country. There is now, however, a very general concurrence of opinion that the dismissal, discontinuance or other termination of the first suit before the plea of the pendency of such suit is filed in the second suit, although after commencement of the second suit, defeats the plea. (1 C. J. p. 94.) We must therefore determine whether or not the action of the plaintiff in filing his written statement in each of his successive suits, as above indicated, constituted a discontinuance thereof.

Some of the cases hold that the plaintiff may dismiss without formal application or leave of court at any time before trial; others that such dismissal may be had in term time and not in vacation, but the general rule seems to be that a discontinuance must be by leave of court, express or implied, and that a dismissal cannot be accomplished by the mere act of the plaintiff alone. It is considered that the granting or refusal of leave to dismiss, discontinue or to take a nonsuit is a matter of practice resting in the discretion of the court, which discretion is to be exercised with reference to the rights of both parties. (14 Cyc. 395-6.) In the case of *Smith-Frazer Boot & Shoe Co.* v. *Derse,* reported in 41 Kans. 150, it is held that "An action may be dismissed by the plaintiff without prejudice to a future action at any time before the final submission of the case to the jury or the court; but as the dismissal is in the nature of a judgment it must necessarily require an order of the court and cannot be accomplished by a mere act of the plaintiff alone." In the case of *Veazie* v. *Wadleigh,* 36 U. S. 54, after a question had been certified from the U. S. circuit court for the district of Maine to the supreme court of the United States the plaintiff filed with the clerk of the circuit court a notice of discontinuance as follows: "I hereby notify you that the action of trespass which is now

pending in said court to await the decision of certain questions carried up to the supreme court is discontinued by me; and that the same disposition will be made of the case in the supreme court at Washington as soon as it meets at Washington. You will therefore please to file this in the case and notify the counsel of the defendants of the same and that their legal costs in the said circuit court may be immediately made up and the same will be paid." The supreme court of the United States in discussing the question of whether this constituted a discontinuance of the cause pending in the circuit court said: "The only point of difficulty is, whether the filing of the above paper in the circuit court in vacation constitutes, *per se,* a discontinuance of the original cause, without any action of the circuit court thereon, upon which this court ought now to act. According to the practice of some of the courts in the Union, it is understood to be the right of the plaintiff to enter a discontinuance of the cause at any time, either in term or in vacation, upon the payment of costs, before a verdict is given, without a formal assent of, or application to, the court; and that, thereupon the cause is deemed, in contemplation of law, to be discontinued. In Massachusetts and Maine a different practice is understood to prevail; and the discontinuance can only be in term, and is generally upon application to the court. In many cases, however, in these States, it is a matter of right. In *Haskell* v. *Whitney,* 12 Mass. 49-50, this doctrine was expressly recognized. The court on that occasion said, 'The plaintiff or defendant may, in various modes, become nonsuit, or discontinue his cause at his pleasure; at the beginning of every term at which he is demandable he may neglect or refuse to appear; if the pleadings are not closed, he may refuse to reply, or to join an issue tendered; or after issue joined he may decline to open his cause to the jury; the

court also may, upon sufficient cause shown, allow him to discontinue, even when it cannot be claimed as a right, or after the cause is opened and submitted to the jury.' Before the trial then the plaintiff may, in many cases, as a matter of right, discontinue his cause, according to the practice of the state courts, at any time when he is demandable in court. After a trial or verdict he can do so only by leave of the court, which it may grant or refuse in its discretion. But under ordinary circumstances, before verdict, it is almost a matter of course to grant it, upon payment of costs, when it is not strictly demandable of right." (p. 61.)

The court's conclusion was that under the circumstances of that case the plaintiff would be estopped thereafter to withdraw his assent to the discontinuance of his suit in the circuit court and that that court possessed full authority to enter such discontinuance at its next term upon the mere footing of the paper filed in the clerk's office without any further act of the plaintiff and that the original cause in the circuit court ought to be treated as virtually at an end for all the purposes of requiring a decision upon certified questions and that the motion to withdraw the record and discontinue the same ought to be granted. The question before the court in that case was a different question from the one before us but it will be seen that the action in that case was not treated as having been dismissed but that the plaintiff would be estopped from withdrawing his assent to a dismissal to be entered in the future.

In the case of *Gamsby* v. *Ray,* 52 N. H. 513, the plaintiff commenced a suit against the defendant by a writ dated July 25, 1872, which writ was duly served upon the defendant by attaching property and leaving a summons. On August 5 the plaintiff caused the following written notice to be served upon the defendant: "To Orman P.

Ray: You are hereby notified that the suit against you by Julia A. Gamsby commenced by writ dated July 25, 1872, is hereby discontinued, and you need not appear at the return day thereof," signed by the plaintiff by her attorney. After the service of this notice upon the defendant a new suit upon the same cause of action was commenced by the same plaintiff against the same defendant, the writs being substantially alike except in their dates. To this second writ the defendant pleaded in abatement that there was another action pending between the same parties for the same cause of action when the last suit was brought. The question was whether upon the foregoing facts this plea in abatement must be sustained or overruled. After concluding that if the first suit was pending when the second was commenced the plea in abatement should be sustained the court considered the question of whether the serving of the above notice upon the defendant constituted a dismissal and on this question said: "We see no reason for holding that a plaintiff may, before entry, discontinue his suit without the consent of the defendant and thus avoid a plea of a former action pending. The defendant may be oppressed by repeated attachments of his person or property and subjected to various inconveniences, expenses and damages by a second, third, fourth, fifth or fiftieth suit brought by the same plaintiff for one cause. Against such renewed attacks the defendant could not efficiently defend himself if the plaintiff were allowed to withdraw from each attack at his pleasure, without the defendant's consent, for the purpose of making another to be given up in like manner. To be sure the feigned attacks might give the defendant a right of action for abuse of process, but the policy of the law is to allow defendants to defend themselves against such vexation by plea in abatement."

Applying the principles announced in the authorities

cited to the case at bar we think it must be held that the action of the defendant in pleading to the attachment in the second and third suits filed by the plaintiff constituted an implied consent to the dismissals of the first and second suits as attempted by plaintiff and that the defendant is now estopped by reason of said implied consent from asserting that said first and second suits are now pending. We also think that it is unnecessary in order for the plaintiff to effectually dismiss his suit to procure a formal order or judgment of the court to that effect. That the consent of the court, either express or implied, must be procured we readily concede, and this we think the plaintiff did in regard to his dismissal of the first and second suits, it being our opinion that the action of the court in entertaining the pleas of the defendant in the second and third suits constituted an implied consent to the dismissal of the first and second suits. But none of these facts would apply to the attempted dismissal of the third suit, because immediately upon the filing of the fourth suit the defendant entered her plea in abatement and neither she nor the court has done anything which could be considered as consenting to the dismissal of the third suit.

There are other facts disclosed in this case which impel us to the conclusion that the plaintiff's attempt to dismiss the third suit has not been effectual. The costs of said action have not been paid nor provided for nor has the rule of the circuit court which requires that all papers filed after the initial pleading must be served upon the opposing party or his counsel been complied with, and neither of these matters has been waived or its omission consented to, either expressly or by implication, by the defendant.

The plaintiff insists that the informal procedure followed by him in his attempted dismissal of said suit is in

conformity with the practice heretofore prevailing in this jurisdiction. However that may be, we do not think that such practice is proper and this court would not be justified in giving an erroneous practice approval merely because it has heretofore been indulged in.

We think that the third question should be answered in the negative, the first in the affirmative and that the second question does not require an answer. But in so holding we think it proper to add that while an order of court is not necessary for a discontinuance of an action so that a second action may be filed by the plaintiff against the defendant upon the same cause of action it is necessary that the consent of the court, either express or implied, be procured.

*W. J. Robinson* for plaintiff.

*E. J. Botts* and *L. Andrews* (*Andrews & Pittman* and *E. J. Botts* on the brief) for defendant.