## ADDIE LUDIN *v.* CHARLES LUDIN.

### No. 1616.

APPEAL FROM CIRCUIT JUDGE SECOND CIRCUIT.
HON. D. H. CASE, JUDGE.

SUBMITTED JUNE 15, 1925.                    DECIDED JUNE 25, 1925.

PETERS, C. J., PERRY AND LINDSAY, JJ.

DIVORCE—*costs and fees—counsel fees.*

An attorney who has rendered professional services to a wife-libellant in a suit for divorce cannot in his own name, in the divorce suit, after reconciliation of the parties and resumption by them of marital relations and after the filing by the wife of a discontinuance of the suit, although before the discontinuance is acted upon by the court, present and maintain a motion for an order of the court requiring the husband to pay direct to the attorney a sum of money as compensation for his professional services theretofore rendered by him on behalf of the wife.

R. L. 1925, Sec. 2978, was intended for the relief of wives who are in destitute circumstances and not for the benefit of attorneys.

The husband's marital obligations do not imply a legal obligation on his part to pay for legal services rendered to the wife in a divorce suit at her sole request.

DISMISSAL AND NON-SUIT—*voluntary termination of suit—necessity for leave of court.*

A discontinuance of a suit can only be had with the consent of the court, express or implied; but such consent is ordinarily granted, almost as matter of course.

OPINION OF THE COURT BY PERRY, J.

This was a suit for divorce. The wife's libel was filed on January 3, 1925, and a cross-libel by the husband was filed on January 24, 1925. In the latter part of January or early in February, but in any event prior to the motion about to be referred to, a reconciliation was effected between the libellant and the libellee and

cohabitation was resumed. On February 21 Mr. Enos Vincent, the attorney for the libellant, filed, under the title of the divorce suit, a motion for an order directing the libellee to pay him, the attorney, a. reasonable fee for professional services rendered by him as such attorney in behalf of the libellant, supporting his motion with an affidavit wherein he deposed that the suit was instituted by him at the request of the libellant, that the libellant at the time of the signing of the libel informed him that she was without means with which to pay him a fee, that he was informed and believed that libellant and libellee had resumed relations with each other as husband and wife, that he had not been at any time paid for his services and that the libellee had a monthly income of approximately $300. On March 5 the libellant filed a discontinuance of the suit, signed by herself. Shortly thereafter, on the same day, the court heard Mr. Vincent's motion for a counsel fee and on March 6 an order was signed and filed by the court directing the libellee to pay to the attorney for the libellant the sum of $75 as a fee for his services and adding that "following compliance with this order, upon application, the court will consider the approval of a discontinuance of said cause." Thereupon the libellee perfected an appeal to this court from the order granting the fee. On April 22 a brief was filed in this court on behalf of the libellee-appellant. On April 23 the libellant signed and delivered to Mr. Vincent a letter informing him that she did not desire his services as attorney any further in her divorce case against her husband; on April 29 Mr. Vincent filed in this court a brief entitled "Brief of Libellant-Appellee" but signed "Enos Vincent, Attorney for Libellant-Appellee" and on May 13 the libellant, acting by another attorney, moved in this court for the withdrawal of

the brief entitled "Brief of Libellant-Appellee" on the ground that Mr. Vincent "is not and has not been authorized by her to appear for or on her behalf and is not and has not been authorized by her to file any brief or other pleading or document in the above entitled court in connection with said appeal."

The sole question before us is whether one who has rendered professional services to the wife-libellant in a suit for divorce can in his own name and not in her name, in the divorce suit, after reconciliation of the parties and resumption by them of marital relations and after the filing by the wife of a discontinuance of the suit although before the discontinuance is acted upon by the court, present and maintain a motion for an order of the court requiring the husband to pay direct to the attorney a sum of money as compensation for his professional services theretofore rendered by him on behalf of the wife.

Much of the law and of the reasoning involved in a consideration of this question has been definitely settled and adopted by this court in its prior decisions. In *Kekoa* v. *Borden,* 5 Haw. 23, the plaintiff, an attorney, sought to recover directly from the husband, in an action at law, compensation for services rendered to the wife on her retainer in two criminal actions against her for desertion of her husband and it was claimed on behalf of the plaintiff that such services were necessaries furnished to her and that for that reason the husband was liable. It was held that the attorney could not recover in that action, that the legal services rendered were not necessaries and that "to allow a suit on a *quantum meruit* in such a case, would be a dangerous rule, leading to much petty litigation," that "application for allowance of legal fees and the amount of them ought to be addressed to the discretion of the

court in an action for divorce or separation" and that "to allow a court not of record to exercise such a discretion, would be unprecedented and unsafe." In *Vivas, et al.,* v. *Kauhimahu,* 19 Haw. 463, related questions were carefully considered and an elaborate opinion rendered. In that case the plaintiffs brought an action at law against the husband on a *quantum meruit* for compensation for professional services rendered by them to the defendant's wife as her attorneys on her appeal to this court from a decree of divorce granted to the defendant, averring that the services were necessary for protecting and defending her rights. This court affirmed the judgment of the lower court sustaining a demurrer on the ground that the declaration did not state a cause of action and showed that the court had no jurisdiction. The court said, *inter alia*: "There is nothing in the complaint which shows that in attending to the appeal the plaintiffs gave credit to the husband or that the wife had not means of her own to pay for their services or that she requested them to represent her on appeal. The court in which the libel is brought has discretionary power to require the husband to furnish means to engage counsel for the wife in defending a libel suit for divorce when 'it shall be made to appear to the judge after the filing of the libel' that the wife is in 'destitute circumstances.' Sec. 2236 R. L." (now R. L. 1925, Sec. 2978). "A refusal of a judge to compel the husband to advance counsel fees as one of the 'reasonable expenses of trial to be incurred by the wife' would not be reversible on appeal unless it was shown that the refusal was arbitrary, nor would such refusal justify another court in taking jurisdiction of an action by counsel to recover for services rendered unless on the theory that counsel had a right to require

the husband's payment for his services, whatever the wife's pecuniary or other circumstances might be.

"An attorney, then, has no absolute right under any circumstances to an order of court to compel the husband to pay him a fee since it is within the reasonable discretion of the court to determine the necessity of engaging counsel. A case may occur in which it is so clear that a divorce ought to be granted or refused that the court would not consider that an attorney was needed. In other words, it is for the court and not the attorney to determine in a divorce suit whether his services are necessary to the wife's defense or not. It follows that if without order for payment of his fee by the husband he takes upon himself to defend, he has no right to look to the husband for compensation since it was the judge who tried the libel, and not counsel nor the wife, who is to pass upon the occasion for legal services, subject of course to reversal on appeal from a refusal of the court. Legal services in defending a libel are not, like such things as food, clothing and shelter, a necessary per se, the occasion for them being for the court to determine." Referring to *Coffin* v. *Dunham,* 8 Cush. 404, in which it was held that the husband was not liable in an action by a counselor at law to recover for his services in defending the defendant's wife against a libel for divorce in which the wife prevailed, this court continued: "The rule laid down in *Coffin* v. *Dunham,* supra, under facts similar to those in the present case, conforms to our decisions and practice in giving exclusive jurisdiction to the court in which the libel is pending to determine the propriety and reasonableness of attorneys' fees in defending the wife. In the absence of an express engagement or agreement by the husband his marital

obligations do not imply a legal obligation on his part to pay for the legal services."

In the case at bar there is no allegation or proof of an express agreement by the husband to pay for the services of his wife's attorney. It is obvious from the history of the case, as in the history of most divorce cases, that the husband entered into no such engagement. No such promise on the husband's part can be implied from the circumstances. As stated in the *Vivas* case, "his marital obligations do not imply a legal obligation on his part to pay for the legal services."

The attorney was employed solely by the wife. In this jurisdiction married women have the power to enter into contracts and to sue and be sued. The wife in this instance is liable to the attorney for reasonable compensation for the services rendered by him in this suit. Under some circumstances the husband may be required by the court in a divorce proceeding to bear counsel fees and other expenses incurred by the wife in prosecuting or defending the suit. The provision in that behalf (R. L. 1925, Sec. 2978,) is as follows: "Personal liberty of wife; temporary alimony, suit-money. Whenever it shall be made to appear to the judge after the filing of any libel that the wife is under restraint or in destitute circumstances, the judge may pass such orders to secure her personal liberty and reasonable support, pending the libel, as law and justice may require, and may enforce such orders by summary process. The judge may also compel the husband to advance reasonable amounts for the compensation of witnesses and other reasonable expenses of trial to be incurred by the wife. The judge may revise and amend such orders from time to time." It is settled in this jurisdiction that under this statutory provision the

husband is under some circumstances compellable to pay the counsel fees of the wife; but it is equally clear that even in a divorce suit a husband will not be called upon to pay his wife's counsel fees unless she is "in destitute circumstances" and unless the employment of an attorney was under the circumstances reasonable. It is obvious, however, that this statutory provision was intended for the relief and benefit *of the wife* and not of attorneys. The application for the allowance must be by the wife and cannot be by an attorney. He is not a party to the litigation. He cannot aver her inability to pay or for that reason alone sustain a claim against the husband. Ordinarily if the wife is destitute the compensation of her attorney is secured by a timely application by her to the court. If, however, for whatever reason application is not made by her the attorney is confined to his right of recovery against his client, the wife. In the case at bar not only did the wife not apply for an order in this behalf against the husband but she has discontinued the suit as far as it is in her power to do so and has repudiated the efforts of her attorney to prosecute the claim against the husband. It is true that ordinarily a discontinuance cannot become effective until it has been approved by the court and that it is to some extent discretionary with the court whether to allow a discontinuance. This is not, however, a power to be exercised arbitrarily. Leave will ordinarily be granted almost as matter of course. *Ahlo* v. *Bolte,* 15 Haw. 130, 131. In the case at bar no good reason appears why the discontinuance should not have been approved and its prompt approval was demanded by the policy of the law which strongly favors reconciliation of the parties to a divorce suit.

The order and judgment granting the counsel fee are reversed and set aside and the discontinuance is

approved and allowed. The cause is remanded to the trial court for such further proceedings, if any, as may be appropriate.

*E. R. Bevins* for libellant.

*A. E. Jenkins* for libellee.

*E. Vincent* for himself.