LEE CHEW *v.* LEE WONG SHEE AND LEE SAU CHONG, ADMINISTRATORS OF THE ESTATE OF LEE CHUCK, DECEASED, ET AL.

No. 1726.

APPEAL FROM CIRCUIT JUDGE FIRST CIRCUIT.
HON. E. K. MASSEE, JUDGE.

ARGUED JANUARY 6, 1927.          DECIDED JANUARY 27, 1927.

PERRY, C. J., BANKS AND PARSONS, JJ.

ABATEMENT AND REVIVAL—*pendency of former suit—time of discontinuance—after plea.*

It is a good reply to a plea of the pendency of a prior action between the same parties for the same cause and for the same relief that the former suit has been discontinued whether before or after the filing of the plea.

Opinion of the Court.

COMMON LAW—*equity procedure.*

> In a matter of procedure the courts of equity in Hawaii are
> at liberty to follow the usage and practice of courts of equity
> on the mainland as well as the usage and practice of courts of
> equity in England and are not bound by the provisions of section
> 1, R. L. 1925, to follow the English practice to the exclusion of
> American practice.

OPINION OF THE COURT BY PERRY, C. J.

This is a suit in equity brought by a surviving partner against the legal representatives of a deceased partner and against certain others claiming interests as partners, for an accounting and for dissolution of the partnership and distribution of the assets after payment of creditors. The respondents filed a plea in abatement alleging that at the time of the commencement of this suit there was another equity suit pending in the same court, brought by the same complainant against the partner, then living, who was the predecessor in interest of all of the present respondents, and that in the earlier suit the same subject matter was involved. The plea in abatement also set up laches as a second defense. Upon motion of the complainant, the respondents were required to elect upon which of these two defenses they would rely and elected to rely upon the defense of a former suit pending. The trial court overruled the plea in abatement, upon the ground that the former suit had been discontinued, although after the filing of the plea. From the order overruling the plea the case comes to this court by interlocutory appeal allowed by the circuit judge.

It does not appear from the record in this court whether the plea in abatement was demurred to or was heard upon its merits or whether or when the first case was discontinued; but the case has been presented to this court upon the apparent assumption or understanding that it is true that at the time of the institution of the present suit another suit was pending in the same court

between the same parties or their privies and for the same cause of action and that it was duly discontinued after the filing of the plea in abatement but before ruling thereon. We shall proceed upon the same assumption and upon the further assumption that the relief prayed for in the two suits was the same.

There can be no doubt that the fact that a former suit is pending between the same parties or their privies for the same cause of action and seeking the same relief is good cause for the abatement of a second action. This is true both at law and in equity. The reason for the rule is that no man should be twice vexed for the same cause of action and that to permit two suits for the same cause between the same parties is to unduly harass the defendant. "At law, the pendency of a former action between the same parties for the same cause is pleadable in abatement to a second action, because the latter is regarded as vexatious. * * * The rule in equity is analogous to the rule at law. * * * The general rule of courts of equity with regard to pleas is the same as in courts of law, but exercised with a more liberal discretion." *Insurance Co.* v. *Brunc's Assignee*, 96 U. S. 588, 592, 593. "It is a general rule that the pendency of an action previously commenced between the same parties for the same cause and relief, is a ground for abatement of a subsequent suit. * * * The objection must be taken by a plea in abatement. * * * The ground upon which courts proceed to abate actions in cases of this kind is that the subsequent action is unnecessary and therefore vexatious. * * * Suits must be of the same character and for the same cause and relief." 84 Am. Dec. 452-454, n. The rule is recognized in *Yee Hop* v. *Nakuina*, 25 Haw. 205.

At common law the rule was that the facts as they existed at the time of the filing of the plea in abatement

must determine whether the plea was good and that a discontinuance of the first action after the institution of the second would not avail to cure the wrong complained of by the plea and that the plea must under those circumstances nevertheless be sustained. "The rule at common law was to sustain the plea if it was true at the time it was filed." 1 C. J. 94. "Formerly the only question was whether at the time of suing out the second writ there was a writ in being, and it was held to be no answer to the plea that the first suit was ended when the plea was put in." 1 Ency. Pl. & Pr. 755. See, also, 1 Chitty, Pleadings, 16 Am. ed., 470.

Later, in the United States, the plea was overruled if the first proceeding was discontinued before the filing of the plea, although after the commencement of the second case; and at this time the great preponderance of decisions in American jurisdictions hold that the discontinuance of the first suit at any time before the trial of the second suit prevents abatement of the second. We have no hesitation in holding that the American rule is the better and that when, as in the case at bar, the first suit is discontinued prior to the hearing of the plea in abatement, although after the filing of the plea, no cause exists for abatement of the second suit. The wrong complained of by the plea in such a case is that the respondent is being twice vexed and harassed by the pendency of an earlier suit while the later suit is also being maintained. That wrong is altogether removed by the discontinuance of the first suit, even though that be accomplished after the institution of the second suit and after the filing of the plea. Sufficient reasons may exist for not pursuing further the first suit and the plaintiff should be permitted the option, which is ordinarily accorded to plaintiffs in suits generally, of terminating the first suit. It may well be, for example, that in any given instance,

the plaintiff is satisfied that valid service was not made upon the respondent in the first suit and that he is not properly before the court so as to be bound by the proceedings. "The tendency of the later cases and a preponderance of authority sustain the defendant's contention that it is a good answer to a plea of the pendency of a prior action for the same cause that the former suit has been discontinued, whether the discontinuance be before or after the filing of the plea." *Bannigan* v. *Rubber Co.,* 46 Atl. (R. I.) 183. To the same effect are 1 Cyc. 25; 1 C. J. 94, 95; 1 Ency. Pl. & Pr. 755, 756; *Moore* v. *Hopkins,* 23 Pac. (Cal.) 318, 319; *Watkins* v. *McCartney,* 232 Pac. (Cal.) 982; *Chamberlain* v. *Eckert,* 5 Fed. Cas. No. 2576; *Gage* v. *Chicago,* 74 N. E. (Ill.) 726; *Moorman* v. *Gibbs,* 39 N. W. (Ia.) 832; *Warnock* v. *Moore,* 137 Pac. (Kans.) 959; *Wilson* v. *Milliken,* 44 S. W. (Ky.) 660; *Brown* v. *Brown,* 86 Atl. (Me.) 32; *Manufacturers' Bottle Co.* v. *Taylor-Stites Glass Co.,* 95 N. E. (Mass.) 103; *Page* v. *Mitchell,* 34 N. W. (Minn.) 896; *Warder* v. *Henry,* 23 S. W. (Mo.) 776; *Peterson* v. *Butte,* 120 Pac. (Mont.) 231; *Gentilala* v. *Fay Taxicabs,* 212 N. Y. S. 101; *Gardner* v. *Keihl,* 37 Atl. (Pa.) 829; *Walker* v. *Vandiver,* 181 S. W. (Tenn.) 310; *Traweek* v. *Martin Brown Co.,* 12 S. W. (Tex.) 216; *Wright* v. *Suydam,* 131 Pac. (Wash.) 239; *Winner* v. *Kuehn,* 72 N. W. (Wis.) 227; and *Barrett* v. *Whitmore,* 207 Pac. (Wyo.) 71.

The contention that *Yee Hop* v. *Nakuina,* 25 Haw. 205, 208, 209, is an authority to the contrary, cannot be sustained. In that case it was pleaded in abatement that at the time of the institution of the case three earlier actions were pending. Discontinuances of the three had been attempted. The circuit judge reserved to this court the question whether the plea should be sustained. This court in holding that the plea in abatement should be sustained did so upon the ground that the third prior

suit had not been successfully discontinued at any time. The defense of the plaintiff to the plea interposed was that each of the prior actions or suits had been discontinued prior to the institution of the next succeeding suit in chronological order and "that none of said actions was pending at the time of the commencement of the above entitled action." The court said, preliminarily, that "there is now, however, a very general concurrence of opinion that the dismissal, discontinuance or other termination of the first suit before the plea of the pendency of such suit is filed in the second suit, although after commencement of the second suit, defeats the plea;" but it had no occasion to consider, as the opinion itself shows on its face, what the result would be if the alleged discontinuances had been duly filed subsequent to the filing of the plea. If the first paragraph of the syllabus in that case states a broader rule than is discussed in the opinion itself it cannot, in the absence of a statute, prevail against the opinion. *Burbank* v. *Ernst*, 232 U. S. 162.

It is urged that this court is not at liberty to follow the more modern rule and is required to adopt the ancient common-law rule, because of the provisions of section 1, R. L. 1925, reading: "The common law of England, as ascertained by English and American decisions, is declared to be the common law of the Territory of Hawaii in all cases, except as otherwise expressly provided by the Constitution or laws of the United States, or by the laws of the Territory, or fixed by Hawaiian judicial precedent, or established by Hawaiian usage, provided, however, that no person shall be subject to criminal proceedings except as provided by the written laws of the United States or of the Territory." In 1878 the legislature passed an Act (chapter 15 of the laws of that session) providing that "The supreme court and the several justices thereof and also the several circuit courts may hear and determine

in equity all cases hereinafter mentioned when the parties have not a plain, adequate and complete remedy at the common law" (enumerating a number of classes of cases) and that the courts mentioned "shall have full equity jurisdiction *according to the usage and practice of courts of equity,* in all other cases where there is not a plain, adequate and complete remedy at law." By the Judiciary Act of 1892 this jurisdiction in equity was vested exclusively in the circuit judges but in all other respects the provisions just quoted have been in force ever since 1878 and are now the law in this jurisdiction. R. L. 1925, Sec. 2463. The authorization thus granted to our courts of equity to proceed "according to the usage and practice of courts of equity" does not limit the courts to the usage and practice of English courts of equity only but permits them to follow the usage and practice of American courts whenever that usage and practice shall seem to them for any reason to be preferable. Neither expressly nor inferentially does it appear from the statute that the power to follow the practice of equity courts has reference to English courts alone and there is every reason for the legislature to have deemed it best to permit them to consult the equity procedure as well of American courts. Modern decisions, and particularly those of America, might well have been deemed by the legislature and the courts of the Kingdom of Hawaii to be more nearly like ours and to furnish more desirable precedents. In *Dole* v. *Gear,* 14 Haw. 554, in which each of the three justices wrote a separate opinion, the majority was clearly of this view and the minority did not refer to the subject. Chief Justice Frear, in his elaborate and learned opinion, concerning the meaning and effect of section 1, said: "There is nothing in this statute" (that of 1878, in the printed opinion, p. 559, erroneously referred to as the Act of 1876) "that requires the 'usage

and practice of courts of equity' to be ascertained by reference to the authorities at any particular point of time in the past *or in England to the exclusion of the United States"*; and, later in the opinion: "We have just held that the statute that confers jurisdiction 'according to the usage and practice of courts of equity' does not require such usage and practice to be ascertained by reference to decisions at any particular period of time in the past *or in England to the exclusion of the United States."* Mr. Justice Perry said: "The Act of 1878 declares that our courts 'shall have full equity jurisdiction *according to the usage and practice of courts of equity* in all other cases where there is not a plain, adequate and complete remedy at law.' As stated in the opinion of the chief justice, there is nothing in that statute that requires the 'usage and practice of courts of equity' to be ascertained by reference to the authorities in England to the exclusion of those in the United States, in other words, nothing limiting the 'courts of equity,' whose practice is to be ascertained, to those of England to the exclusion of those of the United States. On the contrary, the correct construction of that statute is, and the intention of the legislature that enacted it was, in my opinion, that the courts whose power was being declared should be at liberty, in determining their jurisdiction in equity, to follow the usage and practice of the courts in the United States as well as that obtaining in England." This necessarily leads to the conclusion that at the time of the passage of the Judiciary Act of 1892 (L. 1892, c. 57, Sec. 5), now section 1, R. L. 1925, it was "otherwise expressly provided by the Hawaiian * * *. laws," in so far as the usage and practice of courts of equity was concerned, and the case falls within one of the exceptions mentioned in section 1 and the general provision adopting the common law of England as the common law of Ha-

waii does not apply. "Assuming that equity is included in the common law within the meaning of section 1109" (now Sec. 1, R. L. 1925) "and that at the common law courts of equity did not have that jurisdiction, then the Act of 1878 made a different provision, the case falls within the express exception, 'as otherwise expressly provided by the Hawaiian * * * laws,' and, for this reason, the section itself does not apply." Perry, J., in *Dole v. Gear*, 14 Haw. 569.

The order appealed from is affirmed.

*M. E. Winn* (*Thompson, Cathcart & Beebe* with him on the briefs) for complainant.

*F. Patterson* (*Patterson & Kelley* on the brief) for respondents.