MRS. CHOY LOOK LUM TOO *v.* KAIWIKI SUGAR COMPANY, LIMITED; AND WING SING LUM AND SUE ING LUM, MINORS, BY LOOK TIN, THEIR NEXT FRIEND, *v.* KAIWIKI SUGAR COMPANY, LIMITED.

No. 2061.

ARGUED JANUARY 6, 1933.　　　DECIDED FEBRUARY 1, 1933.

PERRY, C. J., BANKS AND PARSONS, JJ.

612

OPINION OF THE COURT BY BANKS, J.

The circuit court of the fourth judicial circuit has reserved to this court six questions. The facts, as they are stated in the reservation, out of which the questions arose, are as follows: "On September 23rd, 1931, Mrs. Choy Look Lum Too and Wing Sing Lum and Sue Ing Lum, minors, by their next friend above named, filed a suit in the fourth circuit court of the Territory, numbered L. 1848, against the defendant, Kaiwiki Sugar Company, Limited, to recover damages for the death of Lum Too, the husband of the said Mrs. Choy Look Lum Too and the father of the two minors above named, alleged to have been killed by (1) the negligent and wrongful act of the said defendant and (2) by the said defendant maintaining a public nuisance. The plaintiffs sought to recover damages under (1) the common law prevailing in this Territory and (2) Act 16 of the Session Laws of 1931. The defendant in said suit number 1848 filed a motion to strike the complaint and/or to strike certain portions of it. On April 4th, 1932, the complaint in case No. 1848 was amended by order of the circuit court allowing a discontinuance of the suit by the two minor children, leaving Mrs. Choy Look Lum Too the sole plaintiff. The amended complaint set up substantially the same causes of action as are set out in the original complaint. On

April 30th, 1932, the defendant filed a motion to strike the complaint and/or certain portions of it. On May 7th, 1932, the plaintiff in action No. 1848 as amended filed a discontinuance. The discontinuance was not signed by the circuit judge and no action was taken on the discontinuance. On May 11th, 1932, the defendant appeared and moved to strike the discontinuance from the files on the ground that the defendant would be prejudiced by incurring expenses in sending counsel from Honolulu to Hilo to appear in the matter and having the case discontinued without notice to the defendant, and on the further ground that the discontinuance had not been approved by the circuit judge or acted upon by the court. On April 4th, 1932, the two minor children by their next friend filed a new action in the fourth circuit numbered L. 1899.against the same defendant, Kaiwiki Sugar Company, Limited, hereinafter. referred to as the second action, on substantially the same grounds as the first action was based on and claiming damages for their father's injury and for his death alleged to have been caused by defendant's negligence and wrongful act, and by defendant maintaining a public nuisance. On April 30th, 1932, the defendant filed a plea in abatement alleging that there was a prior action pending, to-wit, case numbered 1848 between the same parties as are parties to the second action, or for the benefit of the same plaintiffs against the same defendant, that the same causes of action were involved and that the same relief was sought. On May 11th, 1932, the defendant amended the plea in abatement by adding an additional ground as follows: 'That all of the dependents of the deceased Lum Too, to-wit, Mrs. Choy Look Lum Too, are not made parties to this action,' referring to the second action. On May 9th, 1932, Mrs. Choy Look Lum Too, above named, the widow of the deceased, filed another action, hereinafter referred

to as the third action, in the third circuit court against the same defendant, Kaiwiki Sugar Company, Limited, on the same grounds and claiming the same relief as was claimed in the first action number L. 1848 as amended. On May 11th, 1932, when the defendant's motion to strike the plaintiff's discontinuance in the first action came on to be heard and the defendant's plea in abatement in the second action came on to be heard, the defendant offered and there was received in evidence in the second case the entire record in the first case and the entire record in the second case was offered and received in evidence in the first case, the complaint filed in the third case was offered and received in evidence in the second case."

The first question submitted is: "May the plaintiff, Mrs. Choy Look Lum Too, be permitted to discontinue the first action as amended, numbered Law 1848?" This question as it is propounded should manifestly be answered in the affirmative. In this Territory a plaintiff may (certainly before trial), with the consent of the court, discontinue his action. (*Yee Hop* v. *Nakuina*, 25 Haw. 205; *Ludin* v. *Ludin*, 28 Haw. 487.) At the time the question was reserved there was nothing in the record to show that the circuit judge had done anything to indicate his approval of the discontinuance which was filed by Mrs. Choy Look Lum Too, who was then the sole party plaintiff. If the record had remained in this condition, under the Hawaiian cases, *supra*, we might be constrained to hold that the discontinuance was ineffective and that the case was still pending. However, it appeared at the hearing in this court that the trial judge, on January 4, 1933, did approve the discontinuance. The question presented, therefore, is whether the circuit judge had the power to approve the discontinuance while the reserved questions were before this court. This point is one of first impression in this jurisdiction.

In *Veazie* v. *Wadleigh,* 11 Pet. 55 (36 U. S. 64), the circuit court of the District of Maine had certified certain questions to the supreme court and while the questions were pending in the supreme court the plaintiff filed a discontinuance in the clerk's office of the circuit court. The court, in discussing the effect of certifying questions, said (p. 59) : "It is clear that the statute does not, upon the certificate of division, remove the original cause into this court; on the contrary, it is left in the possession of the court below for the purpose of further proceedings, if they can be had without prejudice to the merits; so that, in effect, the certified questions only, and not the original cause, are removed to this court." See also *Foote* v. *Smith,* 8 Wyo. 510.

Our statute (R. L. 1925, § 2513), giving the right to reserve questions to the supreme court, is as follows : "Whenever any question of law shall arise in any trial or other proceeding before a circuit court or circuit judge in chambers or the land court, the presiding judge may reserve the same, either on his own motion or upon motion of either party, for the consideration of the supreme court; and in such case shall report the cause, or so much thereof as may be necessary to a full understanding of the questions, to the supreme court." This statute does not, even by implication, remove the cause from the court where it is pending. We are therefore of the opinion that the trial court did not lose jurisdiction of the case when it reserved the questions for the consideration of this court. All that is before us is the reserved questions. The cause itself is not before us.

In the *Veazie* case, *supra,* speaking on the question of the power of the lower court to approve a discontinuance after questions had been reserved, the court said (p. 61) : "We think, too, that it would be the duty of that court to allow the entry of such discontinuance, upon the ap-

plication of the plaintiff; as he certainly has a right, in that or some other form, to decline to proceed further in the suit, or to prosecute it further, subject to the payment of costs to the defendants. In substance, then, we think the original cause in the circuit court ought now to be treated by us as virtually at an end, for all the purposes of requiring our decision upon the certified questions; and that the motion to withdraw the record, and discontinue the cause, ought to be granted."

In view of the effect of the court's approval of the discontinuance of case number 1848 that cause is no longer pending and it is unnecessary therefore to say anything further about question number one.

The second question is: "Should the plea in abatement in the second action numbered Law 1899 be sustained on either of the following grounds more fully set out in the plea: (a) that the first action was pending by or for the benefit of the same parties plaintiff against the same defendant on the same causes of action and for the same relief as was claimed in the second action; (b) that the plaintiffs in the second action failed to join Mrs. Choy Look Lum Too, a dependent of the deceased, as a plaintiff in the second action?"

In view of the fact that the first action has been discontinued and the further fact that the plea in abatement remains undisposed of the plea cannot be sustained on ground (a). (*Lee Chew* v. *Lee Wong Shee,* 29 Haw. 571.)

Ground (b) of the plea presents the question of whether under section 2681, R. L. 1925, all persons suing for damages growing out of the wrongful or negligent death of one upon whom they were dependent must join in the action. The pertinent part of the section is as follows: "When the death of a person is caused by the wrongful act or neglect of another, any person who was

wholly or partly dependent upon such decedent * * * may maintain an action for damages against the person causing the death * * *. In every action under this section such damages may be given as under all the circumstances may be just."

It is contended by the defendant that it is within the contemplation of the statute that only one action can be brought in which all the dependents must join as plaintiffs, or, in the event of the unwillingness of any of them to so join, they must be made parties defendant and that a separate action by each individual dependent does not lie. Many cases are cited in support of this view. We have examined these cases and find them, with one exception, based on statutes that are so dissimilar to our own as to render them inapplicable. For instance, in Georgia, Oklahoma, Missouri, Washington, California and Arkansas, from which jurisdictions cases were cited, the statutes either vest the right of action in a personal representative or in certain classes of individuals, such as heirs or next of kin or in parents. In all these States, in construing the statutes, the courts hold that when the suit is not brought by a personal representative the right of action that vested in the others mentioned in the statute is a joint and not a several right.

The only statute that bears any resemblance to ours is found in the Civil Code of Louisiana, Art. 2315, as amended by Act 159, L. 1918. It is as follows: "Every act whatever of man that causes damages to another, obliges him by whose fault it happened to repair it; the right of this action shall survive in case of death in favor of the children or surviving spouse of the deceased or either of them, and in default of these in favor of the surviving father and mother or either of them, and in default of any of the above persons, then in favor of the surviving brothers and sisters or either of them, for the

space of one year from the death; provided that should the deceased leave a surviving spouse, together with minor children, the right of action shall accrue to both the surviving spouse and minor children; provided further, that the right of action shall accrue to the major children only in cases where there is no surviving spouse or minor child or children. The survivors above mentioned may also recover the damages sustained by them by the death of the parent or child or husband or wife or brothers or sisters as the case may be."

It is apparent that the first clause of this statute relates to the survival of the action which the person injured had against the tort-feasor in the event of the former's death. This clause, since we have no such statute, does not concern us. The second clause, however, vests in certain persons a right of action for the damages suffered by them because of the death of the person injured. This clause is sufficiently analogous to our death statute to render certain decisions of the Louisiana courts, which we are about to consider, pertinent to the question now before us and helpful to its decision.

One of the cases referred to is *Reed* v. *Warren*, decided first by the court of appeals (132 So. 250) and latterly by the supreme court (136 So. 59). The essential facts in this case are that Mrs. Reed was killed by an automobile driven by the defendant. By the statute referred to a right of action for the damages sustained by them on account of her death vested in her five children and there also survived to and vested in them the cause of action which their mother would have had for her injuries had she lived. Each of these five children brought a separate action in which two causes of action were stated,—one arising out of the survivorship clause of the statute and the other arising out of what may be called the death clause. In each action the same facts were

alleged and the same amount of damages claimed. The plaintiff in one of the actions was Charles Henry Reed, a son. In this action the defendant filed an exception of want of necessary parties plaintiff, which the trial judge sustained. The court of appeals reversed the judgment of the district court and held that the remaining children of the deceased were not necessary parties plaintiff. The case then went to the supreme court on a writ of review issued at the instance of the defendant and it was there held that only one action would lie and that all of the decedent's children were necessary parties plaintiff. The court of appeals was therefore reversed and the district court was sustained. In its opinion the court of appeals, addressing itself to the death clause of the statute, said (pp. 251, 252): "It has been decided many times that a statute such as article 2315, Rev. Civ. Code, as amended, should be strictly construed. * * * It will be observed that the statute does not expressly provide how the rights of action shall be asserted by the survivors or beneficiaries; i. e., in one suit or in separate suits. It is to be noted that, under the very last paragraph of the statute in question, the beneficiaries or survivors named 'may also recover the damages sustained by them by the death of the parent.' This language gives a right of action to the beneficiaries or survivors named in the statute to recover damages which they sustained, such as loss of companionship and affection on account of the death of their parent. It would also include a right of action for loss of support where the beneficiary happened to be dependent upon the deceased, and this is particularly true in the case of minor children, or parents dependent upon a major child who might happen to suffer death. This right of action for damages is separate and distinct from the right of action for damages which survives the deceased in favor of the designated beneficiaries under the

provisions of the first part of the statute. It is easy to see that the claims for damages of the survivors or beneficiaries named in the statute would vary according to their dependency upon, and companionship and affection for, the deceased. For instance, let us assume, in the instant case, that the mother had two single daughters living with her, who were dependent upon her for support and who were her constant companions, and that one of her married sons lived in the neighborhood and regularly visited the mother and enjoyed her companionship and affection; that another married son lived in Texas and visited his mother only once a year and corresponded with her intermittently, and that another son was a bachelor, who had left his mother's home years ago, sojourning in Paris, and that he had never visited his mother and had seldom written to her. It is clear that these respective persons would have varying claims for damages for loss of support and affection and companionship of the mother. The court would not give a joint judgment in favor of all of the children and let them equally divide it, because this would be manifestly inequitable. It certainly was contemplated by the statute that each child was to be given a judgment for their respective losses. The very fact that separate judgments would have to be rendered in favor of each of the children, according to the different circumstances, shows that each has a separate right of action for the loss of support, companionship, and affection of his deceased parent, and that this right of action can be asserted in separate suits." The court also said (p. 253): "The only argument advanced by the defendant that the right of action should be jointly asserted in one proceeding is one of convenience for the tort-feasor; i. e., that it is better that all parties be brought in one case before the same court and the whole litigation ended at one time. Let us see what incon-

venience would result to the plaintiffs if they are required to all appear in the same court in one suit. Suppose a man living in New Orleans, while driving his automobile in Shreveport, ran over and killed the parents of six major children and that three of the children lived in Shreveport and three in New Orleans. Under the general law, the tort-feasor could be sued at his domicile, which, we will say, is New Orleans, and he could likewise, under paragraph 9 of Act No. 130 of 1926, be sued at Shreveport, where the accident occurred. In such a case the parties plaintiff would be placed to the same inconvenience complained of by the defendant, if all of them were required to join in one suit." The supreme court, speaking on this phase of the statute, said in its opinion (136 So., *supra*, p. 63) : "Even if no damages were claimed for the suffering endured by the deceased, Mrs. Reed, and if her sons and daughters were claiming damages only for the loss of her companionship and affection, the total amount of the damages suffered by all of them ought to be fixed in one suit and apportioned among the plaintiffs according to the loss sustained by each of them. The reason for that is that the damages, in that respect, are claimed for one tort— for the killing of one person—and hence there is only one cause of action, in which the right of each and every plaintiff to recover, though not the amount which each may recover, is dependent upon the same relevant facts and is subject to the same defenses. In that respect, the case is not at all like one in which two or more persons are injured or killed by one act of negligence or fault."

The court also based its conclusion that only one action for the death of the decedent would lie, in which all those entitled to relief must join, upon the fact that the Louisiana statute combined with the right to sue for the death of the decedent the right to sue for whatever damages

the decedent would have been entitled to had she lived. The argument of the court in this respect is (pp. 61, 62) : "We do not believe that the legislature intended, by the Act of 1884, to give to a survivor of a deceased person two separate and distinct rights of action, or the right to bring two suits—one suit for damages for the injury or loss suffered by the deceased, from personal injury inflicted upon him, and another suit for the damages suffered by the survivors by the death of the person injured, if the death resulted from the injury. The phraseology of the law on the subject, and its etymology and gradual development, show that the purpose of the Act No. 71 of 1884 was merely to give to the survivors, who were given a right of action by Act No. 223 of 1855, the additional right to recover, in the same suit, the damages suffered by them by the death of the person injured. The concluding sentence of the statute, declaring that the survivors above mentioned may also recover the damages sustained by them by the death of the person, if fatally injured, would have nothing to rest upon if it were not connected with the opening sentence, declaring that every act whatever of man that causes damages to another obliges him by whose fault it happened to repair it."

The instant case is unembarrassed by a survival statute and therefore the part of the supreme court's opinion just. quoted is irrelevant. By comparison, the reasons given by the court of appeals for its conclusion that separate actions would lie to those entitled to sue for the death of the decedent are more appealing to us than those given by the supreme court in support of its conclusion that in such case only a joint action would lie. The main argument of the supreme court in favor of a joint action seems to be that the right to bring separate actions might subject the tort-feasor to the inconvience and expense of defending several suits arising out of the same tort. This may be

true but it furnishes no adequate answer to our statute, which expressly gives a right of action to any dependent person. In truth, our statute is less susceptible to the argument of the supreme court and is more susceptible to that of the court of appeals than the Louisiana statute. For while under the latter statute the right to sue on either or both of two causes of action is given certain classes of relatives, in our statute the right of action is given, not to a class but to any person who was wholly or partly dependent upon such decedent. If our legislature had intended to confer upon dependents only a joint right of action it would undoubtedly have made some provision for apportioning the damages recovered among the several plaintiffs according to the extent of their respective losses. The fact that this was not done is a strong indication that the legislature had no such purpose. If we should place upon our statute the construction contended for by the defendant it would necessitate reading into it something which is not only not there by express statement, but also, by implication, is excluded. Moreover, as was said by the court of appeals in the Louisiana case, *supra,* the inconvenience of a joint action might be as serious to the plaintiffs as that of separate actions might be to the defendant. Under our statutes as construed in *Wailuku Sug. Co.* v. *Cornwell,* 10 Haw. 476, and *Malani* v. *Alapai,* 13 Haw. 193, a tort-feasor may be sued in any jurisdiction within the Territory. If among several dependents one lived in a jurisdiction separate from the others, it might be much more convenient for him to sue in the jurisdiction of his residence than to resort to the jurisdiction where the others lived, and, *vice versa,* it might be much more convenient for the majority of the dependents to sue where they lived than to resort to the jurisdiction where the minority dependent lived. In balancing the conveniences, therefore, there is no reason

why preference should be given to the tort-feasor.

We think the plea in abatement should also not be sustained on ground (b).

The third question is as follows: "Can the plaintiff or plaintiffs in either the first or the second action join in the same action, a count or cause of action based on (a) alleged act of negligence by the defendant causing the wrongful death of Lum Too with (b) a cause of action or count based on the ground that Lum Too met his death on account of an alleged public nuisance maintained by the defendant?"

As we have already seen, the first action has been discontinued and therefore the question is limited to the second action, which is the action brought by the two minor children of the decedent. This action contains two counts. The gravamen of the first count is that the defendant created and maintained a nuisance by setting fire to and burning a lot of inflammable matter, such as cane leaves, stripping, dead weeds, grass and other debris that were adjacent to a public highway along which the father of the plaintiffs was traveling as a guest in an automobile and that the smoke, gases, heat fumes and embers arising from the conflagration were blown across the highway thereby blinding and choking the driver of the automobile to such an extent that he lost control of his car causing it to be overturned and so seriously injuring the plaintiff's father that he shortly thereafter died. The second count is similar to the first except that instead of alleging a nuisance it alleges that the dissemination of the smoke, heat, gases, etc., across the highway was caused by the negliglent handling of the fire which the defendant had set to the inflammable matter described. It also alleges that defendant was negligent in not giving warning of the dangerous situation to those who might be on the highway.

We think the complaint alleges only one cause of action which, in separate counts, is presented in two different aspects, one being that of maintaining a nuisance and the other that of the defendant's negligence. Only one right is sought to be enforced and that is the right of the plaintiffs to recover damages for the wrongful or negligent death of their father. The assertion of that right and its denial by the defendant present the sole controversy which is sought to be adjudicated. The case presents the familiar rule that in actions *ex delicto,* such as this, the plaintiff does not state two or more causes of action but only one, when, in different counts, he bases his right to recover on different grounds, so long as these grounds are not inconsistent with each other and relate to the vindication of one primary right. In 1 C. J., 1055, the author says: "The test of whether more than one cause of action is stated in a complaint is whether there is more than one distinct primary right or subject of controversy presented for enforcement or adjudication, and not whether there are different kinds of relief prayed or objects sought. In applying this test it is to be observed that, without giving rise to more than one cause of action, plaintiff's primary right and defendant's infringement thereof, which taken together constitute the cause of action, may each be very complicated, and may involve a number of subordinate or incidental matters." In 5 Enc. Pl. & Pr. 330, 331, it is said: "At common law the rule was drastic that pleadings must not be double; the declaration could not, in support of a single demand, allege several distinct matters, by any one of which that demand was sufficiently supported. Therefore, to obviate this rule, the practice grew up of using several counts for one cause of action, for the purpose of fully exhibiting plaintiff's cause of action. The several counts were adopted merely as so many different forms of propounding

the same cause of action and were a mere evasion of the rule against duplicity. The common law allowed the pleader to state his single cause of action in as many different counts as he chose, if his discretion in their use was fairly and rationally exercised." *Little* v. *Blunt,* 13 Pick. 473, 476, lays down the same rule as follows: "The practice of declaring in different forms upon one and the same cause of action, was originally a mere evasion of the rule against duplicity; but it has been so long suffered and sanctioned as a relaxation of the rule, that it cannot now be considered as irregular; but it is allowable as a privilege to which a party is legally entitled. The declaration however is not permitted to be swelled with superfluous counts, and if any appear on the face of the declaration to be so, the court will order them to be expunged; but where several counts are introduced, in which there is a material difference in the forms of stating the case, or the demands are averred to be different, for the purpose of enabling the plaintiff to avail himself of the proof of different facts material to the support of the action, the pleader being doubtful as to which of the facts may be capable of proof,—in such cases the court will not interfere."

The fourth question is as follows: "If the question No. 3 be answered in the negative, can plaintiff be required before trial to elect which one of the two causes of action the plaintiff will rely upon?" Since it is our conclusion that the complaint alleges only one cause of action this question requires no answer.

The fifth question is as follows: "In a proceeding under section 2681 Revised Laws 1925, as amended by Act 16 of the Session Laws of 1931, should all of the 'dependents' be made parties plaintiff thereto, or must each 'dependent' sue separately?" This question has already been discussed in considering question number two.

The sixth question is as follows: "May Mrs. Choy Look Lum Too, the dependent widow of the deceased, recover damages under the Hawaiian common law doctrine and in the same or a separate cause of action recover for the same death (under the same circumstances) under the provision of section 2681, R. L. 1925 as amended?" This question is not properly before us. The only action now pending by the widow of the deceased is in the third circuit court and the question comes to us from the judge of the fourth circuit. A judge of a circuit court cannot ask us to consider a question that does not arise in a case before him but arises in a case that is pending in another jurisdiction.

For the foregoing reasons question number one is answered in the affirmative, question number two in the negative and question number three in the affirmative. Question number four requires no answer. Question number five is disposed of by the answer to question number two (b). Question number six requires no answer.

*D. E. Metzger* (also on the brief) for plaintiffs.

*H. Edmondson* (*Smith, Wild & Beebe* on the briefs) for defendant.